IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE L. EWING, AI4771,  )<br>      Petitioner,     )<br>   vs.              )<br>J. A. LIZARRAGA, Warden,  )<br>      Respondent.    )<br>_____) | No. C 16-5875 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(ECF No. 2) |

Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

On or about September 12, 2011, petitioner pleaded no contest to two counts of kidnaping and one count of carjacking pursuant to a negotiated plea agreement, and was sentenced to 25 years in state prison.

On September 17, 2012, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court challenging his presentence time credits and his counsel's advice to enter a plea of no contest. It was denied in a reasoned opinion on November 15, 2012, and a subsequent petition to the California Court of Appeal was summarily denied on April 11, 2013.

On April 1, 2015, petitioner filed another petition for a writ of habeas corpus in Alameda County Superior Court challenging his counsel's advice to enter a plea of no contest. It was denied in a reasoned opinion on May 28, 2015, and subsequent petitions to the California Court of Appeal and California Supreme Court were summarily denied on September 3, 2015 and April 20, 2016.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief on the ground that defense counsel was constitutionally ineffective in advising him to plead no contest to two counts of kidnaping and one count of carjacking in exchange for a sentence of 25 years in state prison. Among other things, petitioner claims that counsel advised him to plead no contest to charges that had expired under the applicable statutes of limitations, incorrectly informed him that he faced life in prison if he went to trial, and failed to investigate the evidence (including DNA evidence) and petitioner's competency to stand trial.

It is well established that the only challenges left open in federal habeas corpus after a plea of guilty (or a plea of no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.

Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).  Liberally construed, petitioner's claim that counsel's advice to plead no contest amounted to ineffective assistance of counsel appears cognizable under § 2254 and merits an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion,

1 petitioner must serve and file an opposition or statement of non-opposition not
2 more than 28 days after the motion is served and filed, and respondent must serve
3 and file a reply to an opposition not more than 14 days after the opposition is
4 served and filed.

5      5.    Petitioner is reminded that all communications with the court must
6 be served on respondent by mailing a true copy of the document to respondent's
7 counsel. Petitioner must also keep the court and all parties informed of any
8 change of address.

9 SO ORDERED.

10 DATED:  Oct. 14, 2016     

11                                 CHARLES R. BREYER
                                United States District Judge

G:\PRO-SE\CRB\HC.16\Ewing, D.16-5875.osc.wpd