IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE L. EWING, AI4771,<br><br>    Petitioner,<br><br>vs.<br><br>J. A. LIZARRAGA, Warden,<br><br>    Respondent. | No. C 16-5875 CRB (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS, AND<br>DENYING CERTIFICATE OF<br>APPEALABILITY<br><br>(ECF Nos. 8, 16 & 17) |

I.

Petitioner, a California state prisoner incarcerated at Mule Creek State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating a September 12, 2011 conviction and sentence from Alameda County Superior Court. Per order filed on October 18, 2016, the court found that, liberally construed, petitioner's claim that counsel's advice to plead no contest amounted to ineffective assistance of counsel appeared cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a motion to dismiss the petition as untimely and procedurally defaulted. Petitioner has filed an opposition and respondent has filed a reply.

II.

On January 29, 1994, two men kidnapped and robbed a husband and wife, beat up the husband, and raped the wife. Following a cold hit on DNA evidence many years later, petitioner was indicted by a grand jury on two counts of kidnapping during the commission of a carjacking, Cal. Penal Code § 209.5(a), and two counts of kidnapping to commit rape, id. § 209(b)(1), with enhancements for use of a firearm, great bodily injury and being armed with a firearm.

On July 19, 2011, pursuant to a negotiated plea agreement, petitioner pleaded no contest to three lesser-included offenses – two counts of simple kidnapping, id. § 207(a), and one count of carjacking, id. § 215 – for a determinate sentence of 25 years in state prison.[1] Petitioner expressly waived any objection to the facts that the lesser-included offenses were otherwise barred by the statute of limitation and that he ordinarily could receive only one-third of the midterm on the second and third counts, as well as his right to appeal, in order to avoid possible consecutive life sentences and receive the agreed-upon 25-year term. The prosecutor dismissed the original charges and all enhancements.

On September 12, 2011, petitioner was sentenced to 25 years in state prison. He did not appeal.

On September 17, 2012, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court raising a claim of improper denial of pre-sentence credits and four claims of ineffective assistance of counsel. On November 15, 2012, the court denied the pre-sentence credits claim on the merits and the ineffective assistance of counsel claims as untimely, citing People v. Kim, 45 Cal. 4th 1078, 1097 (2009); In re Sanders, 21 Cal. 4th 697, 703 (1999);

---

[1] Petitioner's cousin, Kevin Barnes, was charged as the second man involved in the crimes, and also pleaded no contest to lesser-included offenses pursuant to the negotiated plea agreement.

2

In re Robbins, 18 Cal. 4th 770, 780 (1998); and In re Clark, 5 Cal. 4th 750, 768, 775, 797 (1993). ECF No. 1 (Pet.) at 31-33. The court added that the ineffective assistance of counsel claims lacked merit, even if they had been timely raised. Id. at 33-35.

On April 2, 2013, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. It was summarily denied on April 11, 2013. ECF No. 8 (Mot. to Dismiss) at 43 (Ex. 2).

On April 1, 2015, petitioner filed another petition for a writ of habeas corpus in Alameda County Superior Court raising additional claims of ineffective assistance of counsel. On May 28, 2015, the court denied the petition as procedurally barred by the rule against successive petitions and abuse of the writ, citing In re Clark, 5 Cal. 4th 750, 768, 797 (1993); and In re Miller, 17 Cal. 2d 734, 735 (1941). ECF No. 1 at 29-30.

On August 24, 2015, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. It was summarily denied on September 3, 2015. ECF No. 8 at 45 (Ex. 3).

On February 2, 2016, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. On April 20, 2016, the state high court denied the petition as untimely, citing In re Robbins, 18 Cal. 4th 770, 780 (1998). ECF No. 8 at 79 (Ex. 5).

On October 11, 2016, petitioner filed the instant federal petition for a writ of habeas corpus under § 2254 claiming that counsel's advice to plead no contest to three lesser-included offenses amounted to ineffective assistance of counsel because: (1) the charges to which petitioner pleaded no contest were barred by the statute of limitation; (2) counsel incorrectly informed petitioner that he faced life in prison if he went to trial; (3) counsel failed to investigate the evidence,

3

including DNA evidence; and (4) counsel failed to raise a doubt about petitioner's competence.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Here, because petitioner did not appeal his September 12, 2011 conviction, his process of direct review came to an end on November 11, 2011, when the time for filing an appeal expired. See Cal. Rule of Court 8.308(a)

(notice of appeal must be filed within 60 days of criminal judgment); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (California conviction becomes final 60 days after judgment if not appealed). Petitioner therefore had until November 11, 2012 to file a federal habeas petition within the one-year limitation period. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). But the instant petition was not filed until October 11, 2016. It is untimely unless the limitation period was tolled for a substantial period of time.

### A.

AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). This includes the time between lower court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 219-221 (2002). In California, where prisoners generally use the state's "original writ system," this means that the limitation period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher state court (gap-tolling), provided the prisoner did not delay unreasonably in seeking review in the higher state court. See id. at 220-23; see also Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).

Here, petitioner filed his first state habeas petition in Alameda County Superior Court on September 17, 2012, 55 days before the one-year limitation period expired on November 11, 2012. But respondent claims that the petition did not toll the one-year limitation period because it was denied as untimely, and

therefore was not "properly filed" under § 2244(d)(2). Not so. Although it is well established that if a state court "reject[s] a petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)," Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (emphasis added), that is not what happened here. On November 15, 2012, the state superior court denied petitioner's pre-sentence credits claim on the merits and his ineffective assistance of counsel claims as untimely. The court did not reject petitioner's first state habeas petition as untimely, and hence as not properly filed, because at least one of the claims before it was accepted as timely and properly filed. Under the circumstances, petitioner's first state habeas petition tolled the limitation period under § 2244(d)(2). Cf. Campbell v. Henry, 614 F.3d 1056, 1062 (9th Cir. 2010) (finding one timely claim in prisoner's state habeas petition sufficient to toll limitation period under § 2244(d)(2) with regard to any and all claims in federal petition). That the petition contained procedurally barred claims of ineffective assistance of counsel did not in of itself render it improperly filed for purposes of tolling the limitation period under § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 8-10 (2000) (noting that question whether an application was properly filed is quite separate from question whether claims in application are procedurally barred).

But even if petitioner's first state habeas petition tolled the limitation period under § 2244(d)(2) until it was summarily denied by the California Court of Appeal on April 11, 2013, his federal habeas petition is still untimely. After the California Court of Appeal summarily denied petitioner's first state habeas petition on April 11, 2013, petitioner did not seek further review from the California Supreme Court. He instead waited nearly two years until, on April 1, 2015, he filed a new state habeas petition in Alameda County Superior Court

6

raising additional claims of ineffective assistance of counsel. But unlike with his first state habeas petition, the superior court this time rejected the entire petition on May 28, 2015 as procedurally barred by the rule against successive petitions and abuse of the writ. Under the law of the circuit, the petition was not properly filed and did not toll the limitation period under § 2244(d)(2). See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (for § 2244(d)(2) tolling to apply, state "petition cannot be untimely or an improper successive petition"). Nor did his subsequent petitions to the California Court of Appeal and California Supreme Court toll the limitation period under § 2244(d)(2) – the California Court of Appeal's September 3, 2015 summary denial must be considered successive and abusive, and the petition therefore not properly filed, see Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991) (where last reasoned opinion expressly imposed procedural bar, it should be presumed that later summary denial imposed bar as well), and the California Supreme Court's April 20, 2016 express denial of the petition as untimely is "'the end of the matter' for the purposes of § 2244(d)(2)," Pace, 544 U.S. at 414 (citing Carey, 536 U.S. at 226).[2]

Because petitioner is not entitled to tolling under § 2244(d)(2) beyond April 11, 2013, when the California Court of Appeal summarily denied his first state habeas petition, the limitation period expired against him no later than 55 days after April 11, 2013, or June 5, 2013. Petitioner filed his federal petition on October 11, 2016. It is untimely.[3]

---

[2] A federal habeas court cannot revisit whether a state court properly imposed a state law untimeliness bar. See Rudin v. Myles, 781 F.3d 1043, 1054 (9th Cir. 2015).

[3] Even if petitioner was entitled to tolling under § 2244(d)(2) for the entire time he was seeking state habeas relief (i.e., from the date he filed his first state habeas petition in Alameda County Superior Court, September 17, 2012, until the date on which the California Supreme Court denied his final state habeas petition, April 20, 2016), his federal petition is untimely. Petitioner would have had 55 days after April

7

B.

Petitioner claims that he is entitled to equitable tolling because he was misled by the trial court and by trial counsel, and not given his legal files.

In order to receive equitable tolling of AEDPA's one-year limitation period, petitioner must show (1) that some "extraordinary circumstance" stood in his way and prevented him from filing on time, and (2) that he has been pursuing his rights diligently. Holland v. Florida, 560 U.S. 631, 649 (2010). He also must show that the extraordinary circumstance "proximately caused" his late filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a "very high bar" reserved for "rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014).

Petitioner contends that he was misled by the trial court at the change of plea hearing. He specifically points to the portion of the hearing transcript where the trial court advised him that "this disposition ends the case" and "[t]here is nothing left to litigate or appeal," ECF No. 8 at 25 (Ex. 1), and suggests that this shows some sort of "subterfuge" by the court, ECF No. 13 (Opp'n) at 6. But the hearing transcript makes clear that, contrary to petitioner's contention, the trial court in no way "affirmatively misled" him. Id. (citing Pliler v. Ford, 542 U.S. 225, 234 (2004)). "In order to show that he was affirmatively misled, [petitioner must] point to some inaccuracy in the [trial] court's instructions." Ford v. Pliler, 590 F.3d 782, 788 (9th Cir. 2009). He must identify an "affirmative misstatement." Id. But he cannot because the trial court's explanation of the effect of the plea and waiver was correct. In order to avoid possible consecutive

---

20, 2016, or until June 14, 2016, to file a timely federal petition. But he did not file his federal petition until October 11, 2016.

8

life sentences and receive a 25-year term, petitioner had to waive several rights, including his "right to appeal any and all legal issues that have existed up to this point." EFC No. 8 at 26. The court explained each of the rights petitioner was waiving and made sure that he was doing so intelligently and voluntarily. It did not affirmatively mislead petitioner by giving him inaccurate information upon which he may now base a claim of equitable tolling. See Ford, 590 F.3d at 786-89 (rejecting claim that petitioner was affirmatively misled where district court accurately stated that dismissal for failure to exhaust was without prejudice, even though statute of limitation had already expired). Petitioner is not entitled to equitable tolling on his claim that he was misled by the trial court.

Petitioner also contends that he was misled by trial counsel's "misrepresentations that he had filed a Notice of Appeal, [and that] he was in the midst of preparing and filing an application for post-conviction relief." ECF No. 13 at 7. In support, petitioner attaches and points to a letter dated January 26, 2012, from his wife, Sharon Ewing, to trial counsel, William DuBois. See id. Ex. A. In the letter, Mrs. Ewing asks Mr. DuBois to contact petitioner's prison counselor to clarify his time credits, supply an itemized list of charges for his work and send petitioner his files. See id. But nowhere in the letter, or in any other letter, email or other document in the record, is there any indication that Mr. DuBois was retained to file a notice of appeal or an application for post-conviction relief, or that he ever told petitioner that he would perform those tasks. Petitioner's contention does not even make much sense. As respondent points out, Mr. DuBois "had just negotiated a hard-won plea bargain that allowed petitioner to plead to three lesser-included offenses, reduced his exposure from multiple life sentences to a determinate 25-year sentence, and included a waiver of appellate rights[;] it would have been inexplicable for [Mr.] DuBois to

immediately attempt to undo that agreement by pursuing an unauthorized appeal." ECF No. 15 (Reply) at 3-4 (footnote omitted). Not surprisingly, years after petitioner pleaded no contest to three lesser-included offenses pursuant to the negotiated plea agreement, Mr. DuBois continued to defend the plea agreement as having helped petitioner avoid "a life sentence [that] appeared certain." ECF No. 13 Ex. D at 2 (Oct. 29, 2013 letter from Mr. DuBois to petitioner). Petitioner is not entitled to equitable tolling on his unsupported claim that he was misled by trial counsel.

Petitioner finally contends that he and his family members "repeatedly ask[ed] [Mr. DuBois] for documents, that were crucial to [p]etitioner's claim." Id. at 8. Mr. DuBois' above-referenced October 29, 2013 letter to petitioner confirms that petitioner did not receive his file from Mr. DuBois before November 2013. See id. Ex. D at 2 ("Before the month of November [2013] is complete we should have a copy of your file in the mail to you at the above address."). But "[w]hile denial of access to legal files may in some cases constitute the type of external impediment for which [a court may grant] equitable tolling," a petitioner must "point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed." Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (citation and internal quotation marks omitted). Here, petitioner does not point to a particular document that he needed to prepare his federal petition but was unable to obtain. Nor does he show that his lack of access to any such document in his legal file "proximately caused" the late filing of his federal petition. See Spitsyn, 345 F.3d at 799. After all, the claims in the federal petition – counsel's advice to plead no contest to three lesser-included offenses amounted to ineffective assistance of counsel because (1) the charges to which petitioner pleaded no

10

contest were barred by the statute of limitation, (2) counsel incorrectly informed petitioner that he faced life in prison if he went to trial, (3) counsel failed to investigate the evidence, including DNA evidence, and (4) counsel failed to raise a doubt about petitioner's competence – were within petitioner's own knowledge at the time of the plea. See Ford, 590 F.3d at 790 (denying equitable tolling where, regardless of when counsel provided petitioner with his complete file, petitioner was aware of the factual bases of his claims; under these circumstances, alleged inability to access file was not cause of his untimeliness). And despite not receiving his legal file from Mr. Dubois before November 2013, petitioner managed to file at least two state habeas petitions claiming ineffective assistance of counsel before November 2013. Petitioner is not entitled to equitable tolling based on this claim of lack of access to his legal file. Cf. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (upholding district court's rejection of equitable tolling claim where petitioner did not show causal connection between disability and inability to file timely federal petition, and managed to file an earlier state habeas petition), amended, 447 F.3d 1165 (9th Cir. 2006).

## C.

Petitioner has submitted several declarations from relatives and family friends alleging that he is innocent. But they do not excuse his untimeliness.

It is well established that "a credible showing of 'actual innocence' under Schlup v. Delo, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc); accord McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013). But "[i]n order to present otherwise time-barred claims to a federal court under Schlup, a petitioner must produce sufficient proof of his actual innocence . . . ."

Lee, 653 F.3d at 937. Specifically, "Schlup requires a petitioner 'to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Id. at 930 (quoting Schlup, 513 U.S. at 324). "[E]leventh-hour affidavits" and "testimony from fellow inmates, friends or relatives" have limited probative value in considering a claim of actual innocence. House v. Bell, 547 U.S. 518, 552 (2006).

The required evidence must establish a colorable claim of actual innocence that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. Schlup, 513 U.S. at 321. It is not enough that the evidence show the existence of reasonable doubt; the petitioner must show "that it is more likely than not that no reasonable juror would have convicted him." Id. at 327. As the Ninth Circuit has put it, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [the] [p]etitioner guilty." Van Buskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir. 2001).

Here, the declarations submitted by petitioner's relatives and family friends do not constitute new reliable evidence sufficient to establish a colorable claim of actual innocence. Although they insist that petitioner is innocent, and question defense counsel's advice to plead no contest to three lesser-included offenses in view of inconsistencies in the female victim's testimony and the possibility of cross-contaminated DNA evidence, this at most raises reasonable doubt, not that, "with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty" had he proceeded to trial. Id. Petitioner is not entitled to federal habeas review of his time-barred claims on account of "a credible showing of 'actual innocence' under Schlup v. Delo, 513

U.S. 298 (1995)." <u>Lee</u>, 653 F.3d at 931.

IV.

It is well established that a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits." <u>Walker v. Martin</u>, 562 U.S. 307, 315 (2011).

Respondent argues that petitioner's claims of ineffective assistance of counsel are procedurally defaulted from federal habeas review because the California Supreme Court found the claims barred as untimely, citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998), and that ground is a state procedural bar that is independent of federal law and adequate to support the state court's judgment. The court agrees. In <u>Walker</u>, the Supreme Court made clear that California's timeliness rule, which generally requires state habeas petitions be filed without substantial delay, constitutes a valid procedural bar that precludes federal habeas review. <u>See</u> <u>Walker</u>, 562 U.S. at 315-21. The Court specifically found that the timeliness rule is adequate because it is firmly established and regularly applied, and that it matters not that a state court may deny the petition on the merits if that is easier. <u>See</u> <u>id.</u> at 317-21; <u>see also</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 582-83 (9th Cir. 2003) (California's timeliness rule is independent).

Petitioner's ineffective assistance of counsel claims accordingly are procedurally defaulted and barred from federal habeas review unless petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the

13

alleged violation of federal law, or (2) a fundamental miscarriage of justice. See McClesky v. Zant, 499 U.S. 467, 494 (1991). He demonstrates neither.

V.

For the foregoing reasons, respondent's motion to dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely and procedurally defaulted (ECF No. 8) is GRANTED.[4]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

DATED: June 20, 2017

CHARLES R. BREYER
United States District Judge

---

[4] Petitioner's motions for an evidentiary hearing (ECF No. 16) and for appointment of counsel (ECF No. 17) are DISMISSED as moot and without merit.

14